UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AUTO-WARES, LLC,

              Plaintiff,                               Case No. 1:09-cv-702

v.                                          HON. JANET T. NEFF

WISCONSIN RIVER CO-OP SERVICES,

              Defendant.

_____/


**<u>OPINION</u>**

       This case arises out of Defendant's alleged breach of contract involving the supply of automotive parts by Plaintiff.  Plaintiff filed suit in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (Pl. Am. Comp., Dkt 14 ¶ 3).  Defendant has filed a motion seeking: (1) to dismiss Count I of Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted; (2) to dismiss Count II of Plaintiff's Amended Complaint for lack of personal jurisdiction; or, in the alternative, (3) to transfer venue to the Western District of Wisconsin (Def. Mot., Dkt 20).  Having fully considered the motion and briefs submitted by the parties, the Court determines that this case is properly transferred to the Western District of Wisconsin.[1]

       Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a civil action to another district:

---

      [1]Because the Court determines that a transfer of venue is appropriate, the Court addresses only that issue and renders no opinion on the alternative motions to dismiss for failure to state a claim and for lack of personal jurisdiction.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.,* 764 F. Supp. 93, 95-96 (E.D. Mich. 1991); *see also Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006). The factors to be considered by the Court in ruling on a motion to transfer venue include case-specific factors affecting both private and public interests. *Moses v. Business Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991). The parties concur on the factors relevant to transfer in this case, including:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron,* 423 F. Supp. 2d at 729; *see also Steelcase, Inc. v. Smart Techs., Inc.,* 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004).

"[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.,* 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

Defendant asserts that of the relevant factors, the convenience of the witnesses has been recognized as one of the most important factors under § 1404(a), particularly the convenience of non-party witnesses, rather than that of party witnesses. *See Steelcase, Inc. v. Mar-Mol Co., Inc.,*

2

210 F. Supp. 2d 920, 939-40 (W.D. Mich. 2002) (convenience of witnesses is perhaps the most important factor in the transfer analysis, particularly the convenience of non-party witnesses). Defendant argues that this factor weighs strongly in favor of transfer in this case since Defendant's auto parts customers will be key witnesses and they are all located in Wisconsin.  Additionally, compulsory process is unavailable in this venue to secure the attendance of these non-party witnesses at trial.  Defendant thus contends that any inconvenience to Plaintiff is far outweighed by the inconvenience to the nonparty witnesses, especially since many of Plaintiff's key witnesses also reside in Wisconsin.

Defendant argues that the remaining factors likewise weigh overwhelmingly in favor of transfer since Defendant does business in Wisconsin, the Supply Agreement at issue was finalized and executed in Wisconsin, the day-to-day business operations at issue occurred in Wisconsin, all the business records for Defendant and for Plaintiff's Madison distribution center are located in Wisconsin, all of Defendant's employees reside in Wisconsin, and substantially all of the events surrounding this dispute occurred in Wisconsin.

Plaintiff disputes the significance of the "convenience of witnesses" factor, and contends that other witnesses are likely to be split fairly equally between Wisconsin and Michigan.  Plaintiff argues that other factors likewise do not favor Defendant, and Plaintiff's choice of forum—Michigan, should be given significant weight (Pl. Br., Dkt 31 at 27).  Plaintiff argues that this is especially true in the case at bar because Plaintiff resides in the chosen forum, and Michigan has an interest in seeing that the rights of Michigan businesses are protected (*id.*).  Plaintiff also asserts that venue is appropriate in this Court based on a forum-selection clause in a Jobber Agreement that was executed between the parties.

Having considered the parties' arguments and the circumstances of this case, the Court is convinced that the relevant factors warrant transfer. First and foremost, despite Plaintiff's vigorous argument concerning Defendant's ties to Michigan, there can be little dispute the locus of the operative facts of this case is Wisconsin. Defendant is a cooperative based in Wisconsin, which supplies agricultural-related products and services, including auto parts. Defendant operates three retail auto parts stores in Adams, Mauston, and Necedah, Wisconsin, which were supplied almost entirely by Plaintiff's distribution facility in Madison, Wisconsin (Dkt 21 at 23, Ex. A, Diemert Aff. ¶¶ 3, 6, 9). Defendant has no assets, employees, bank accounts, operations or offices in Michigan (Diemert Aff. ¶ 5). The business dealings at issue occurred primarily in Wisconsin (Dkt 21 at 5-6). Defendant's primary contact with Plaintiff was Plaintiff's sales representative based out of Milwaukee, Wisconsin, and Plaintiff's customer support personnel at its Madison, Wisconsin distribution facility (Diemert Aff. ¶ 10).

Given the course of business dealings, it is likely that most of the key witnesses, and particularly non-party witnesses[2] would be located in Wisconsin. Not only would it be inconvenient for these witnesses to travel to this Court to testify, but, more importantly, they could not be compelled by this Court to attend trial in Michigan. *See* Fed. R. Civ. P. 45(c)(3)(A)(ii) (precluding subpoena of persons who are not parties or a party's officer if required to travel more than 100 miles). Thus, the "convenience of witnesses" factor and "unavailability of process to compel attendance" factor both weigh heavily in favor of venue in Wisconsin.

---

[2]Defendant plausibly asserts that its auto parts customers will be witnesses since they can testify to Defendant's claims regarding Plaintiff's performance and damages suffered.

Although the Court recognizes, as Plaintiff argues, that Michigan has a significant interest in protecting those companies that do business in this state, that interest is not all-encompassing where a foundation for this situs is lacking. Despite Plaintiff's choice of a Michigan forum, the Court is not persuaded by Plaintiff's assertions that a Michigan forum would involve no extra expense since Wisconsin is "located only a few hours from Michigan" (Pl. Br. 27). Although the transport of documentary evidence, which now is often in electronic form is unlikely to be burdensome to either party in either forum, the expense pertaining to witnesses and other evidence would be increased significantly. According to Defendant, its customer base resides in Central Wisconsin, approximately 200 miles from Grand Rapids, Michigan (Dkt 21 at 21-22). Under these circumstances, the Court also concludes that the interests of justice, based on the totality of circumstances, strongly favor transfer.

Additionally, Plaintiff alleges only minimal or insubstantial contacts between Defendant and this jurisdiction (Dkt 14 ¶ 4). As such, there are significant questions as to whether this Court has personal jurisdiction over Defendant. Thus, the public interest in conserving judicial resources, namely the time that would go into determining preliminary jurisdictional issues that would not exist in the Western District of Wisconsin, weighs in favor of transfer. *See Kahhan v. Fort Lauderdale*, 566 F. Supp. 736, 740 (D.C. Pa. 1983).

The Court is also not persuaded by Plaintiff's forum-selection clause argument. Even assuming, without deciding, that the forum-selection clause is applicable in this case, transfer of venue is still appropriate.[3] A forum-selection clause is but one factor to consider in deciding

---

[3] The fact that the parties dispute whether the Jobber Agreement containing the forum-selection clause is at issue in this case is, in and of itself, a consideration that significantly decreases the weight that the Court gives the clause. *See Sylvester Material, Inc. v. John Carlo, Inc.*, No.

5

whether a transfer is appropriate under § 1404(a).  *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002).  "Such a clause 'should receive neither dispositive consideration ... nor no consideration ... but rather the consideration for which Congress provided in § 1404(a).'"  *Id.* at 537-38 (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 31 (1988)); *Moses*, 929 F.2d at 1136.  In this case, the existence of the forum-selection clause does not outweigh the substantial private interest factors, particularly those involving non-party witnesses, and the public interest factors that support a transfer of venue.

Accordingly, Defendant's Motion to Transfer Venue to the Western District of Wisconsin, pursuant to § 1404(a), is GRANTED.

An Order consistent with this Opinion will be entered.


DATED: June 17, 2010                              /s/ Janet T. Neff_____
                                                  JANET T. NEFF
                                                  United States District Judge

---

3:04CV7686, 2005 WL 1176054, at *4 (N.D. Ohio May 17, 2005) (unpublished) (refusing to give any weight to a forum-selection clause in a § 1404(a) transfer analysis because the relevance of the clause was in dispute); *see also Pax, Inc. v. Veolia Water North Am. Operating Servs., Inc.*, 347 F. Supp. 2d 281, 284 (W.D. Va. 2004) (holding that a disputed forum-selection clause could not support transfer of venue).