IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTO-WARES, LLC,
a Michigan Limited Liability Company,

                        Plaintiff,

     v.

WISCONSIN RIVER CO-OP SERVICES,
a Wisconsin Membership Cooperative,

                        Defendant.

OPINION AND ORDER

10-cv-344-slc

---

Plaintiff Auto-Wares, LLC, originally filed this civil suit for damages in the United States District Court in the Western District of Michigan, alleging that defendant Wisconsin River Co-op Services had breached a supply agreement when it converted its "Bumper to Bumper" auto parts stores to NAPA auto parts stores. On November 24, 2009, plaintiff amended its complaint, adding a claim for injunctive relief (Count I). On January 22, 2010, defendant moved to dismiss Count I of the complaint for failure to state a claim upon which relief could be granted and Count II for lack of personal jurisdiction; in the alternative, defendant asked for an order transferring venue to this court. On June 17, 2010, the Michigan district court granted defendant's motion to transfer venue without deciding the dismissal motions. Defendant now renews its motion to dismiss Count I of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Because the motion is without merit, it will be denied.

For the sole purpose of deciding this motion, I draw the following facts from plaintiff's amended complaint and the attachments thereto. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

ALLEGATIONS OF THE COMPLAINT

Defendant Wisconsin River Co-Op Services ("WRC") sells automotive parts and related merchandise and conducts business at stores in Adams, Necedah and Mauston, Wisconsin. Plaintiff Auto-Wares, LLC is a wholesale distributor of automotive parts, including those bearing the service marks "Bumper to Bumper" and "Parts Master."

On or about June 2, 2003, plaintiff and defendant entered into an "Authorized Jobber Agreement," which essentially granted defendant a non-exclusive license to participate in a national marketing program organized by Aftermarket Auto Parts Alliance, Inc. (the "Alliance"), and to use the "Bumper to Bumper" service mark and the "Parts Master" trade mark, which were owned by the Alliance.[1]  Amended Complaint, dkt. 14, exh. A.  Under the terms of the agreement, the agreement could be terminated (a) by either party at any time with 90 days advance written notice (¶22), or (b) by Auto-Wares or the Alliance immediately upon a default by WRC (¶19).  Paragraph 24 provides that upon termination of the agreement,

> (a) the Jobber will cease and desist using the Mark in any way; (b) the Jobber will deliver up to the Distributor, or its duly authorized representatives, all materials and papers upon which the Mark appeared; and (c) the Distributor and the Company shall have the option (but not the obligation) of repurchasing the automobile parts and supplies bearing the Mark in the possession of the Jobber and available for sale at the Jobber's cost and if neither the Distributor nor the Company purchases any of such automotive parts and supplies, the Jobber shall have the right to dispose of them in the regular course of its business during the next succeeding twelve (12) month period.

---

[1] Apparently, Auto-Wares had a separate trademark licensing and marketing agreement with the Alliance that permitted Auto-Wares to sublicense the marks.  Alliance is not a party to this lawsuit.  It is referred to as "the Company" in the Authorized Jobber Agreement.

On or about December 31, 2004, Auto-Wares and WRC entered into a Primary Supply Agreement under which WRC agreed that Auto-Wares would be its primary supplier of automotive parts, supplies and related merchandise. Dkt. 14, exh. B. WRC further agreed that it would "not engage in or in any manner be directly or indirectly involved in the operation of a wholesale distributor of automotive parts and related supplies similar in operation and product offerings" as that of Auto-Wares. The term of the agreement was 10 years unless the parties mutually agreed otherwise.

Sometime near the end of March 2009, Auto-Wares obtained a letter dated March 24, 2009 that WRC had sent to all of its "Valued Customers." The letter notified WRC's customers that it had "entered into an agreement with National Automotive Parts Association (NAPA) to convert the Bumper to Bumper stores in Adams, Necedah, and Mauston to NAPA Auto Parts stores," and that the conversion would be in effect as of April 27, 2010. WRC did not provide Auto-Wares with any prior notice before it mailed this letter to its customers. WRC has not returned all materials and papers containing the marks and has not returned or provided Auto-Wares the opportunity to repurchase products containing the marks.

In addition to seeking damages for breach of the Primary Supply Agreement, Auto-Wares seeks a permanent injunction "precluding WRC from using, selling or destroying any materials, papers or products containing the Marks" and ordering it to "immediately return to Auto-Wares any and all materials, papers, and products containing the Marks or that were in any way otherwise related to the Authorized Jobber Agreement." Dkt. 14, ¶15.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A claim should be dismissed under Rule 12(b)(6) when the allegations in a complaint, however true, could not raise a claim of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The court reviews the complaint as a whole, construing all of plaintiff's factual allegations as true and drawing all reasonable inferences in his favor. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "[S]pecifying an incorrect theory is not fatal to a plaintiff's claim," *Hall v. Nalco Co.*, 534 F.3d 644, 649 n. 3 (7th Cir. 2008) (quotation marks omitted), and in fact, a complaint need not contain legal theories at all. *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008).

The target of defendant's motion is Count I of the amended complaint, which bears the caption "Injunctive Relief." First, defendant argues that "injunctive relief" is not a cause of action but a remedy that cannot be asserted in the abstract. A review of the complaint, however, readily shows that despite misnaming its sought-after relief as a cause of action, plaintiff is not seeking injunctive relief "in the abstract" but rather as a remedy for defendant's breach of the Authorized Jobber Agreement. In paragraph 13, which appears under the heading "Count I-Injunctive Relief," plaintiff alleges that the Authorized Jobber Agreement "is a contract that is mutually binding" on both parties and created an obligation on WRC's part to provide 90 days' notice to plaintiff if it intended to terminate the agreement. Paragraph 14 alleges that "WRC abruptly and without proper notice ceased doing business with Auto-Wares and began selling auto parts from another distributor" and that, upon information and belief, WRC had not

returned the materials containing the marks or provided plaintiff with an opportunity to repurchase products containing the marks. Paragraphs 5-10, which precede these allegations, set out the relevant provisions of Authorized Jobber Agreement. It is plain from the complaint that plaintiff's claim for injunctive relief is predicated upon defendant's alleged breach of the jobber agreement.

Even so, argues defendant, the complaint does not reasonably allege facts upon which a breach of the jobber agreement could be found. According to defendant, plaintiff has not made out a claim of breach because it has not alleged that either party has terminated the agreement, making any claim of breach purely speculative.

Again, defendant's argument is unpersuasive. Under Rule 8(a)(2), a complaint need not set out in detail all of the facts upon which the plaintiff bases its claims, but must include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). Whether a plaintiff is likely to prevail on the merits of its claims is not the test. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). At this stage, plaintiff's allegations that the parties had an exclusive supply agreement, that defendant started ordering supplies from a different supplier without notice to plaintiff and that defendant has not returned the products containing plaintiff's service and trade marks are sufficient to make out a claim for breach of the supply agreement and the related jobber agreement.

Finally, defendant argues that "Auto-Wares has not sufficiently pled a substantial threat of impending injury to entitle it to permanent injunctive relief." According to defendant, plaintiff must include allegations in its complaint sufficient to show that it will be irreparably

harmed and that there is no adequate remedy at law. Defendant's arguments might have some traction if plaintiff were seeking a *preliminary* injunction, but plaintiff seeks post-judgment relief in the form of an order directing defendant to perform certain of its obligations under the terms of the parties' agreements. In any case, failing to put the correct relief in a complaint does not provide grounds for dismissal under Rule 12(b)(6). *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); Fed. R. Civ. P. 54(c) (prevailing party may obtain any relief to which he is entitled, "even if the party has not demanded that relief in its pleadings"). If defendant thinks plaintiff has not shown that the injunctive relief it seeks is warranted under the circumstances, then it can make that case in the event a breach is found. For now, however, there is no basis to dismiss count I of the complaint.

## ORDER

IT IS ORDERED THAT the motion of defendant Wisconsin River Co-Op Services to dismiss Count I of the Amended Complaint is DENIED.

Entered this 30th day of September, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge