IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTO-WARES, LLC,
a Michigan Limited Liability Company,

                Plaintiff,

v.

WISCONSIN RIVER CO-OP SERVICES,
a Wisconsin Membership Cooperative,

                Defendant.

ORDER

10-cv-344-slc

---

    In this civil diversity action, plaintiff Auto-Wares, LLC alleges that defendant Wisconsin River Co-op Services breached a supply agreement between the parties when it converted its "Bumper to Bumper" auto parts stores to NAPA auto parts stores. Defendant has moved for summary judgment on plaintiff's claim.

    The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). Although both parties submitted proposed findings of fact in connection with the pending motion for summary judgment, neither side proposed facts showing that diversity jurisdiction exists. As the party filing suit, Auto-Wares bears that burden. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction [ ] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met.").

    In the amended complaint, plaintiff alleges that is a Michigan Limited Liability Company with its principal place of business in Michigan and that defendant is a membership cooperative with its principal place of business in Wisconsin. Dkt. 14. For the purpose of diversity jurisdiction,

corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)). It appears that under Wisconsin law, cooperatives are incorporated and therefore WRC would be treated like a corporation for diversity jurisdiction. Wis. Stat. § 185.043; *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) (cooperative would be treated like corporation for diversity purposes where it was incorporated under state law).

However, the citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because neither party has alleged the citizenship of the members of Auto-Wares, the court cannot determine whether the parties are diverse. As noted above, the burden lies with Auto-Wares, the plaintiff, to show that jurisdiction exists.

Therefore, IT IS ORDERED that Auto-wares has until May 26, 2011 to submit verification of the citizenship of each of its members.[1] Failure timely to submit the required information could result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 18th day of May, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] I remind Auto-Wares that if it has an individual person as a member, the citizenship (not the residency) of that individual is what matters for diversity jurisdiction purposes. An individual is a citizen of the state in which s/he is domiciled, that is, where s/he has a "permanent home and principal establishment, and to which [s/he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).